Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------- x

| | |
|---|---|
| CHARMING BEATS LLC, | Case No.: 21-cv-5972 |
| Plaintiff, | **ECF CASE** |
| v. | **AMENDED COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT** |
| BROADJAM INC., | |
| Defendant. | |

------------------------------------------- x

Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this Amended Complaint and Jury Demand against defendant BROADJAM INC. for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act"). Plaintiff alleges based on personal knowledge as to acts and events taking place in the presence of its members, on the investigation of counsel, and on information and belief for all other allegations, as follows:

**JURISDICTION AND VENUE**

1.  This court has Subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## SPECIFIC JURISDICTION

2. Defendant is headquartered in Wisconsin, and committed a tort without the State, knowing it would cause damage to plaintiff in New York.

3. Defendant has a significant number of users/clients in this State.

4. Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed orservices rendered, in the State.

5. Defendant contracted with plaintiff in this Judicial District, and was aware at all times its infringing conduct would cause an injury in this Judicial District.

6. Defendant generates substantially all of its revenue from interstate and international commerce.

7. Defendant directs its products to New York through its websites located at <wwww.broadjam.com>.

8. Jurisdiction is conferred over defendant pursuant to CPLR §§ 301, 302(3)(i) and (ii).

## VENUE

9. A plaintiff may bring a case in: "(2) a judicial district in which a substantial partof the events or omissions giving rise to the claim occurred. . . ; or, (3) if there is no district in which an action may otherwise be brought . . . a judicial district in which any defendant is Infringing to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3).

10. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## DUE PROCESS

11. There are no due process concerns in light of the fact that defendant committed an intentional tort that it knew had an effect in this Judicial District.

12. Upon information and belief, defendant frequently contracts with companies in this Judicial District such that it reasonably believed it may be haled into this forum.

## PARTIES

13. Plaintiff CHARMING BEATS LLC is a limited liability company organized under the laws of New York with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

14. Upon information and belief, defendant BROADJAM INC. is a corporation organized under the law of Wisconsin with a primary headquarters located at 211 S. Paterson St., Ste. 360, Madison, WI 53703.

## FACTS

15. Plaintiff is the sole owner by assignment of the following original musical compositions and recordings:

| Copyrighted Track | U.S. Copyright Registration No. |
|---|---|
| War on Christmas | SR 708-513 |
| Glow | SR 708-511 |
| Cambian | SR 708-510 |
| Somnambulance | SR 708-508 |
| Long March | SR 713-217 |
| Seperate But Equal | SR 713-208 |
| Peterson | SR 713-220 |
| Thompson | SR 713-221 |
| Twelve Days Awake | SR 708-514 |
| Everyone Gets Shot | SR 708-504 |
| Rudiments of A Spiritual Life | SR 708-503 |
| The Technicolour Sleep | SR 708-501 |
| Signaling Through The Flames | SR 708-500 |
| Tonight, Let's All Make Love | SR 708-499 |
| Daytrip | SR 708-497 |
| The Swamp | SR 713-222 |
| Supernova Landslide | SR 713-223 |
| Time | SR 713-224 |
| Summer of War | SR 713-225 |
| DEA | SR 713-226 |
| Raided By Waves | SR 713-227 |
| Palestine | SR 713-228 |

(the "Copyrighted Tracks")(**Exhibits 1 and 2**).

16. In 2007, defendant described itself on its website as follows:

> "Broadjam Inc. provides web-based technology, software and services for the music industry and independent musicians around the world. We operate one of the world's largest web communities for musicians and fans and host a massive online database of searchable independent music. The website serves independent artists and fans from all 50 U.S. states and over 100 countries around the world."

17. Independent artists, like the members of plaintiff, could submit their musical recordings and compositions to defendant, royalty free, in return for the purported exposure

from defendant's music streaming service.

18. In 2007, the members of plaintiff released their second album "The Technicolor Sleep". At that time, the members of plaintiff controlled the rights to twenty-two recordings and compositions, all from their first two albums.

19. Defendant had two agreements: (i) a User Agreement which grants to defendant the public performance and limited reproduction rights for the submitted musical tracks; and, (ii) a "Merchant Agreement" which grants to defendant the distribution rights for the submitted musical tracks.

20. Plaintiff's predecessor agreed to the terms of the User Agreement only, and granted defendant limited, non-exclusive, public performance, and reproduction licenses for fourteen of the Copyrighted Tracks on April 15, 2007, and the same rights were granted for the remaining eight Copyrighted Tracks on April 25, 2007.

21. The limited non-exclusive, royalty-free, public performance, and reproduction licenses, however, expressly excluded the right to distribute, sell, or offer for sale, the Copyrighted Tracks.

22. Defendant's User Agreement expressly states that "unless by separate agreement you have chosen to make your Materials available for sale through Broadjam's digital download store. . .".

> Reproduction licenses for compositions and sound recordings. Although copyright law is evolving to accommodate the digital environment, certain key issues remain unresolved. One such issue is the extent to which reproduction licenses are required for musical works and sound recordings made available on interactive streaming services. We choose to resolve the issue contractually. Accordingly, you hereby grant Broadjam and its sub-licensees nonexclusive reproduction licenses for all musical works and sound recordings included in your Materials; provided, however, that unless by separate agreement you have chosen to make your Materials available for sale through Broadjam's digital download store, such reproduction licenses are limited in scope and apply only to the extent necessary to make your Materials publicly available via Broadjam's interactive streaming services. Podcasts. From time to time Broadjam may invite you to submit your Materials for inclusion in downloadable content files known as "podcasts." Podcasts are non-live entertainment programs spotlighting the work of Broadjam members and are made available for download in unprotected media, free of charge, at the Site. Broadjam will not include your Materials in podcasts without your consent. If you choose to grant such consent, however, you also (and hereby do) grant to Broadjam and its sub-licensees all licenses reasonably required for podcasting, including nonexclusive reproduction and public performance licenses for all musical works, and nonexclusive reproduction and public performance licenses for all sound recordings, embodied in any Materials of yours selected for inclusion in Broadjam podcasts. You further release Broadjam and its sub-licensees for any and all liability arising from any alleged failure by Broadjam or any of its sub-licensees to obtain appropriate licenses for the use of any Materials of yours selected for inclusion in Broadjam podcasts.

See **Exhibit 3**.

23. In 2007, like today, defendant's website separated music sales from music streaming.

24. Defendant's FAQs stated:

> 15. Q: Can people download my music off the Broadjam web site?
> A: If you submit your song(s) for sale in our online music store, your fans will be able to buy your songs. To be able to submit songs they will need to be 192Kbps, 44.1KHz quality. Sell your songs for $.99 and earn $.80 for every download you sell. Learn more about **selling your downloads**.

25. The only rights defendant was granted are from defendant's User Agreement which states ". . . the reproduction rights are limited in scope and apply only to the extent necessary to make your Materials publicly available via Broadjam's interactive streaming services."

26. The User Agreement language stated herein was the same in 2007 as it is on the date of this Amended Complaint.

27. Defendant also concealed the actual number streams of plaintiff's Copyrighted Tracks.

28. Plaintiff tested the authenticity of the number of streams stated on defendant's website by playing a single Copyrighted Track repeatedly over a seven-day period of time. The number of streams listed for the Copyrighted Track never changed from zero, despite the over one hundred streams by plaintiff.

29. Plaintiff discovered the fact that its Copyrighted Tracks were being sold on defendant's website in October 2021.

30. Plaintiff never executed the "Merchant Agreement" and did not grant to defendant the right to distribute, sell, or offer for sale, its Copyrighted Tracks.

31. As defendant's Merchant agreement states:

> "BY CHOOSING "I ACCEPT" OR SIMILAR LANGUAGE ON THE
> BROADJAM DOWNLOADS STORE SIGNUP FORM

See **Exhibit 4**.

32. Neither plaintiff, its predecessor, or members, ever accepted the Merchant Agreement.

33. Section 5.01 of defendant's Merchant Agreement states:

> The fee for uploading your BDS Material and making such Material available for sale at the BDS (the "Ingestion Fee") shall be $0 per song if you subscribe to Broadjam as a PRIMOMoB, subscriber. The Ingestion Fee shall be $10 per song if you subscribe to any other level of Broadjam membership.

See **Exhibit 4**.

34. Plaintiff was not a PRIMOMob subscriber, and paid no "Ingestion Fee" as required by the Merchant Agreement.

35. Plaintiff never received any proceeds from the sale or download of the Copyrighted Tracks, never authorized the distribution of the Copyrighted Tracks, and defendant has infringed plaintiff's right to distribute, sell, and offer for sale, each of the Copyrighted Tracks.

36. By email dated March 11, 2008, defendant contacted plaintiff and requested a renewal of the account. See **Exhibit 5**. Plaintiff did not renew the account.

37. Defendant expressly stated in the March 11, 2008 email that as of April 10, 2008:

> Once your membership expires, you will automatically be downgraded to Mini MoB account.

See **Exhibit 5**.

38. Plaintiff was a "Mini Mob" subscriber, as of April 10, 2008, and at no time elected to submit the Copyrighted Tracks to the BDS.

39. As a Mini MoB subscriber, plaintiff would have been required to pay a $10.00 Ingestion fee per track for inclusion in the BDS.

40. Again, plaintiff did not pay an "Ingestion Fee" and did not authorize the distribution, sale, or offer for sale the Copyrighted Tracks.

41. By distributing, selling, and offering for sale, plaintiff's Copyrighted Tracks, defendant exceeded the scope of the limited public performance and reproduction licenses granted by plaintiff to defendant, and defendant has infringed plaintiff's rights in the Copyrighted Tracks as set forth in 17 U.S.C. § 106.

42. Defendant's conduct clearly satisfies the standard for enhanced damages set forth in Section 505(c) of the Copyright Act. Plaintiff may elect a statutory damage award in lieu of its compensatory damages of up to $150,000 per Copyrighted Track, plus its reasonable attorneys' fees, and costs incurred in this action.

43. Based on defendant's predatory conduct here, only an award at the very top of the statutory scale will serve the interests the Copyright Act sought to balance.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**

44. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

45. It cannot be disputed that the plaintiff has a valid, registered copyright, and ownsall rights to the Copyrighted Track.

46. Defendant without a license or authority, distributed, sold, and offered for sale plaintiff's Copyrighted Track.

47. Defendant distributed, sold, and offered for sale the Copyrighted Tracks for the sole purpose of its own commercial gain.

48. Defendant's use of the Copyrighted Tracks was not for criticism, comment, newsreporting, teaching, scholarship, or research.

49. Defendant's use was not transformative.

50. As a direct and proximate result of defendant's acts of infringement of

plaintiff's exclusive rights to the Copyrighted Tracks as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's direct, and indirect, profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees incurred in this matter. Plaintiff may also elect to recover one statutory damage award pursuant to 17 U.S.C. § 504(c)(2) per Copyrighted Track of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;
2. plaintiff's compensatory damages in an amount to be ascertained at trial;
3. a statutory damage award to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));
4. plaintiff's reasonable attorneys' fees and costs (17 U.S.C. § 505);
5. pre- and post-judgment interest to the extent allowable; and,
6. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: October 29, 2021　　　　　　　　　　**GARBARINI FITZGERALD P.C.**
　　　　New York, New York

By *[signature]*
　　　　Richard M. Garbarini (RG 5496)